### HOUSTON & T. C. R. CO. v. DIAMOND PRESS BRICK CO. (No. 138–3050.)

(Commission of Appeals of Texas, Section A. June 2, 1920.)

1. **Indemnity** ⚙═8—**Brick plant liable for negligent maintenance of spur track by railroad under contract.**

Under a contract by which a brick company agreed to pay all costs of a spur track and save the railroad harmless from liability, whether caused by its negligence or not, and from all claims for damages growing out of construction, maintenance, or operation of the spur, the brick plant was liable to the railroad, which was required to pay a judgment against it for personal injuries, by reason of negligence of railroad in maintaining a crossing.

2. **Indemnity** ⚙═3—**Contract to indemnify railroad for negligence not contrary to public policy.**

A contract by which a brick plant agreed to save a railroad harmless from all claims for damages growing out of construction, mainte-

nance, or operation of a spur track, including claims arising out of negligence of the railroad in maintaining a crossing, was not violative of the public policy of the state, in that it had a tendency to cause the railroad to omit the performance of the duties imposed by Rev. St. 1911, art. 6494.

**3. Corporations ⬤⟶484(2)—Contract indemnifying railroad against liability for negligence as to a spur track not ultra vires.**

A contract by a corporation engaged in the brick business by which it agreed to indemnify a railroad from liability on account of claims for damages growing out of negligence in the construction, maintenance, or operation of a spur track running to the brick plant was not ultra vires.

**4. Corporations ⬤⟶447 — Contract to enable corporation to carry on business not ultra vires.**

A corporation is empowered to enter into contract to enable it to carry on the business and accomplish the purpose of its existence, unless prohibited by law or the provision of its charter.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by the Houston & Texas Central Railroad Company against the Diamond Press Brick Company. From a judgment of the Court of Civil Appeals (188 S. W. 32), affirming a judgment for defendant, plaintiff brings error. Reversed and rendered.

John H. Sharp, of Ennis, and Jno. T. Garrison, of Houston, for plaintiff in error.

G. C. Groce, of Waxahachie, for defendant in error.

SPENCER, J. The Houston & Texas Central Railroad Company, plaintiff, sued the Diamond Press Brick Company, defendant, a corporation, to recover the amount of a judgment one Henry Hamilton had recovered against it. Hamilton's action was based upon plaintiff's negligence in permitting a crossing on a spur track running to defendant's brick plant to become unsafe, alleging that in attempting to drive over it in its dangerous condition his team became frightened and ran away, resulting in personal injuries.

The railroad company based its action for recovery upon a contract entered into with the brick company under the terms of which the railroad company had built and was maintaining a spur track to the plant of the brick company for the convenience of the latter. The material provisions of the contract necessary to a decision of the case are:

"Fourth. It is agreed and understood that the said party of the second part shall bear the expense of keeping the said spur track in good condition, and that it will, upon receipt of bills therefor, promptly reimburse the party of the first part for any and all expense incurred by it for material and labor furnished in making such repairs as may be necessary to keep the said spur track in first-class condition."

"Seventh. The party of the second part further agrees and obligates itself to save the party of the first part harmless from any and all claims for damages arising from any cause whatsoever growing out of the construction, maintenance, and operation of said spur track, including damages for injury to or killing of stock belonging to the party of the second part, its employés or tenants, whether such claim is made by any person, firm, corporation, or municipality. The party of the second part further agrees and binds itself to reimburse the said party of the first part for any and all amounts it may be compelled to pay in settlement of any claim for which, under the terms of this agreement, the party of the second part would be liable."

The defendant contended (1) that it was not within the contemplation of the parties that the brick company was to be responsible for the negligence of the railroad company in this character of case; (2) that if the contract be construed as requiring reimbursement to the railway company, it would be against public policy and therefore void; and (3) that the same is an ultra vires act on its part, and hence unenforceable. The court, upon motion of defendant, sustained exceptions to plaintiff's petition, and, plaintiff refusing to amend, judgment was rendered in favor of defendant. Upon appeal, the Court of Civil Appeals affirmed the judgment. 188 S. W. 32. The writ was granted upon application referred to the Committee of Judges.

The proximate cause of the damages suffered by plaintiff, as shown by the pleadings, and for which it seeks indemnity under the contract, was due to its negligence in failing to maintain the crossing in first-class condition; but plaintiff insists that, though it was negligent in this respect, nevertheless it is entitled to indemnity under the provisions of article 7 of the contract.

[1] In our opinion section 7 of the contract is a positive agreement to indemnify the railroad company against such a claim as the one here involved. Under this section the obligation was to save the railroad company "harmless from any and all claims for damages" arising, not only out of the construction and operation of the spur track, but out of its maintenance as well. This section would be inoperative and rendered meaningless if construed to exclude negligence, as a claim for damages against the railroad company growing out of any of these things could have no standing in a court unless predicated upon the negligence of the railroad company, or its servants. The section must, we think, be construed as contemplating claims for damages founded upon such negligence.

---

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The absolute agreement embodied in the seventh section is not to be nullified because of the fourth section. The agreement in the latter section that the railroad company shall bear the expense of keeping the spur track in good condition is not inconsistent with the agreement of the brick company in the seventh section to hold the railroad company harmless against any claim for damages growing out of the maintenance of the track if it were not kept in good condition. The contract, as a whole, simply means that the expense of keeping the spur track in good condition was to be borne by the railroad company, but the brick company was to hold the railroad company harmless' against claims for damages founded upon any negligent condition in the construction, operation, or maintenance of the track.

[2] The contention that section 7 is contrary to public policy is based upon the theory that if a railroad company be reimbursed for its negligent act in the maintenance of the crossing it will have a tendency to cause the railroad company to omit the peformance of the duties imposed by article 6494, Revised Civil Statutes, which requires railroad companies to keep that portion of their roadbed and right of way over or across which any public roadway runs in proper condition for the use of the traveling public. The contract does not undertake to relieve the railroad company from the duties imposed by the article, nor free it from liability for damages occasioned to others as the result of its failure to perform those duties. We cannot assume that because the agreement has been made the railroad company will violate the statute. We conclude that the contract is not violative of the public policy of the state, but is one which the parties were at liberty to make. M., K. & T. Ry. Co. v. Carter, 95 Tex. 461, 68 S. W. 159.

[3, 4] The defense by the brick company that the contract is an ultra vires act on its part is likewise unavailing. A corporation is empowered to enter into contract to enable it to carry on the business and accomplish the purpose of its existence, unless prohibited by law or the provision of its charter. The language of the agreement now under consideration leaves no room to doubt that the contract was made in order to accomplish the purpose for which the corporation was created. The spur track was constructed solely for the promotion of the private interests of the brick company, and out of its construction, operation, and maintenance grew increased risks which it was not otherwise required to assume. The benefits secured to the one and the increased risk to the other is the basis for the provision, justifying in its inclusion in the agreement. The making of it was, under the circumstances, an incidental power of the corporation, appropriate to the execution of the specific power granted by the charter, and hence not an ultra vires act.

We recommend that the judgments of the Court of Civil Appeals and the district court be reversed, and judgment rendered for plaintiff for the sum of $1,430, the amount paid Hamilton by the railroad company, with interest thereon from the 15th day of February, A. D. 1914.

PHILLIPS, C. J. We approve the judgment recommended in this case.