## GALVESTON, H. & S. A. RY. CO. v. HAROL-SON.   (No. 8534.)

(Court of Civil Appeals of Texas. Galveston. July 2, 1924.)

**Trial ⬤═352(4)—Instruction submitting issue whether stock was killed on railroad right of way because gate left open held misleading.**

In railroad's action to recover on contract to save it harmless from loss by killing of live stock, instruction submitting issue whether live stock was killed by reason of gates being left open or not kept fastened *held* misleading; defendant's liability depending solely upon whether gate was left open and stock entered on railroad thereby.

Appeal from Harris County Court; Murray B. Jones, Judge.

Action by the Galveston, Harrisburg & San Antonio Railway Company against S. S. Harolson. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Baker, Botts, Parker & Garwood, Garrison & Watson, and R. L. Arterbury, all of Houston, for appellant.

Vinson, Elkins, Wood & Sweeton and R. W. Adams, Jr., all of Houston, for appellee.

PLEASANTS, C. J.   Appellant brought this suit against appellee to recover on a contract executed by appellee by which he agreed to indemnify and save appellant harmless from any loss or damage arising out of the injury or killing of stock which might enter upon appellant's railroad by reason of gates in its right of way fences, placed therein at the request and for the convenience of appellee, being left open or not kept fastened when not in use.

Plaintiff's petition, after alleging the contract, further alleged in substance:

"That on or about the 3d day of April, 1920, one of said gates was left open, and a mare and mule belonging to one Wesley Gibbs got on the right of way of plaintiff company through the gate, and were run over by one of the plaintiff company's engines and train of cars, and was injured and killed, and that by reason of said facts a certain suit was filed in the fifty-fifth district court of Harris county, Tex., on the 26th day of July, A. D. 1921, in which the said Wesley Gibbs was plaintiff and the Galveston, Harrisburg & San Antonio Railway Company was the defendant; that judgment was rendered against the railroad company in said suit for the sum of $425, and that the costs of said suit was $20.45, making a total of $445.45, and for this amount the plaintiff prayed judgment against the defendant herein."

The defendant answered by a general demurrer and general denial.

The trial in the court below with a jury resulted in a verdict and judgment in favor of defendant.

The only issue raised by the evidence, if any, was whether the animals, for the killing of which appellant had been compelled to pay the amount claimed by it in this suit, entered upon appellant's railroad through one of the gates which appellee had contracted to keep closed and fastened when not in use, and which had been left open.

The only issue submitted to the jury by the charge is as follows:

"Were the horse and mule belonging to Wesley Gibbs, which were killed on the right of way of the Galveston, Harrisburg & San Antonio on or about the 3d day of April, 1920, killed by reason of the gates in question in this case being left open or not kept fastened when not in actual use?"

We agree with appellant that this charge is misleading and includes an issue not raised by the pleading or the evidence. Appellee's liability in this case depends solely upon whether the gate was left open and the animals entered upon the railroad through the open gate, and this was the only issue made by the pleadings and the evidence. If the animals got on the railroad through the open gate, appellant would be liable to their owner for injuring or killing them by one of its trains, regardless of the question of negligence in the operation of the train, and it was indemnity against this liability for which appellee contracted. Railway Co. v. Diamond Press Brick Co., 111 Tex. 18, 222 S. W. 204, 226 S. W. 140.

If the appellee could have pleaded the negligent operation of the train as a proximate cause of the killing of the animals and as a defense to this suit, he made no such defense, and there is no evidence raising such an issue.

Under the court's charge the jury might have understood that they might believe that the animals entered on the track through the open gate, and yet were not required to find that the animals were killed by reason of the gate being left open. In view of the overwhelming weight of the evidence showing that the animals entered through one of these open gates, we think the jury must have so understood the charge.

Appellant made timely objection to this charge, and requested a charge submitting the issue of whether the gate was left open and the animals went on the track through the open gate, which the court refused to give. This error in the charge requires a reversal of the judgment. Hudson v. Morriss, 55 Tex. 610; Railway Co. v. Robinson (Tex. Civ. App.) 189 S. W. 284.

For the error indicated, the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes