## EMPLOYERS CASUALTY CO. v. HOWARD P. FOLEY CO., Inc.

### No. 11639.

Circuit Court of Appeals, Fifth Circuit.

Nov. 27, 1946.

Rehearing Denied Jan. 7, 1947.

Larry W. Morris and T. H. Riggs, both of Houston, Tex., for appellant.

George W. Rice, of Houston, Tex., for appellee.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

Pritchard & Company had the general contract to build a large gasolene plant at an estimated cost of $14,500,000. The Contractor sublet on a cost-plus-fixed-fee basis parts of the work to several sub-contractors. Among them was a sub-contract for the installation of the electrical work, estimated to cost about $100,000, the fixed fee being $7,400 in addition, let to Howard P. Foley Co., herein called the Sub-Contractor. The Sub-Contractor's contract contained an agreement to save and hold harmless the Contractor from all suits and claims based upon alleged injury to any person or property in the course of the performance of this contract by Sub-Contractor. On a certain morning shortly before going to work several of the Sub-Contractor's employees were in a room of the Contractor called the

dressing room, in which each had been assigned a locker, and where they changed their clothes and deposited their lunches. A gas explosion occurred in the room which severely burned the men present. They each collected the statutory employee's compensation from the Sub-Contractor's insurance carrier, and then, as the Texas statute permits, sued the Contractor for damages for the injury, alleging that the Contractor negligently had left uncapped a gas pipe leading into the room, and negligently had turned natural gas, which was odorless, into the pipe, so that when one of the men lighted a cigarette the explosion happened. These suits, claiming large aggregate damages, were consolidated. The Contractor by third party proceedings brought the Sub-Contractor in on the indemnity agreement above mentioned, and Employers Casualty Co., who was an insurer of the Contractor against such claims, was also brought in. The damage suits were considered dangerous, and all parties consented to a settlement of them under an order of the court which expressly preserved the rights of the Contractor, Sub-Contractor and Casualty Company, as among themselves, unprejudiced by the settlement. The Casualty Company paid off the settlement, and claimed subrogation under its policy to the Contractor's claim for indemnity against the Sub-Contractor. A trial on agreed facts and uncontradicted testimony was had before the district judge. He found that the injured men, being employees of the Sub-Contractor, were injured while preparing to go to work and "that they were injured in the course of the performance by the Sub-Contractor of its contract with the Contractor", but that the indemnity contract ought not to be construed as binding the Sub-Contractor to indemnify the Contractor against the Contractor's own negligence, without that intention being unequivocally expressed, (citing Southern Bell Telephone Co. v. City of Meridian, 5 Cir., 74 F.2d 983), and that the burden was on the Casualty Company as subrogee to show that the Contractor's negligence did not cause the injuries; which not having been done, judgment was given for the Sub-Contractor. The Casualty Company appeals.

■ Appellant Casualty Company cites Texas authority that in that State an indemnity contract may be enforced though the loss arose from the indemnitee's sole negligence, if that is the contract, such an agreement not being against public policy, 23 Tex.Jur. 525; and that the circumstances and object of the indemnity contract as well as express words may show that it covers losses due to indemnitee's negligence: Houston & T. C. R. v. Diamond Press Brick Co., 111 Tex. 18, 222 S.W. 204, 226 S.W. 140; Galveston, H. & S. A. R. Co. v. Harolson, Tex.Civ.App., 264 S.W. 624; City of Polytechnic v. Redmon, Tex.Civ.App., 217 S.W. 730, reviewed by the Supreme Court, Tex.Com.App., 236 S.W. 73. See also Louisville & N. R. Co. v. Atlantic Co., 66 Ga.App. 791, 19 S.E.2d 364, and Cacey v. Virginia R. Co., 4 Cir., 85 F.2d 976. In these cases it was thought that because the arrangement made was for the sole accommodation of the indemnitor, and the indemnity could have little or no application unless in matters arising out of the indemnitee's actual or imputed negligence, such matters were intended to be covered. On the other hand it is certainly the general rule that, where the indemnity is not contracted for from an insurance company whose business it is to furnish indemnity for a premium and where indemnity is the principal purpose of the contract; but from one not in the indemnity business and as an incident of a contract whose main purpose is something else, such as a sub-construction contract, the indemnity provision is construed strictly in favor of the indemnitor. The cases regarding such provisions in a sub-contractor's agreement with the main contractor are reviewed in the recent note to Walters v. Rao Elec. Equip. Co., 143 A.L.R. 312, and especially Par. III, page 315 and ff. They are all found to deny a liberal construction in favor of the Contractor.

■ The precise words of this agreement are these: "Sub-contractor shall save and hold harmless Contractor, Agent and Owner from and against all suits for claims that may be based upon any alleged injury (including death) to any person or damage to property that *may occur or that may be alleged to have occurred, in the*

*course of the performance of this contract by sub-contractor,* whether such claim shall be made by an employee of a contractor or by a third person, and whether or not it shall be claimed that the alleged injury or damage was caused through a negligent act or omission of Subcontractor." We have italicised the words which are most important in fixing the coverage of the indemnity here. It is plain that the want of negligence on the part of the Sub-Contractor does not relieve him, for it is so stated. Nothing is expressly stated as to injuries alleged to be due to the Contractor's sole negligence; which was the case in the damage suits filed against this Contractor. It would be harsh indeed to hold that the parties meant to make the Sub-Contractor ultimately liable for the Contractor's sole negligence. But it is unnecessary to decide that point, or who would have the burden, as the district judge did, because we think a proper construction of the words "alleged to have occurred in the course of the performance of this contract by Sub-Contractor" exclude the injuries due to this explosion. These employees, as they alleged in their suits and as was proven in the trial under review, were not performing the Sub-Contractor's contract when injured. That contract related only to installation of electrical work and none was going on in the dressing room. The time for going to their place of work had not come. The Sub-Contractor was in no way or degree performing his contract at that time and place. They were in a room of the Contractor which was under the control of the Contractor, and not of the Sub-Contractor who had no business there. It is true that under the Texas Employees' Compensation statute, Vernon's Ann.Civ.St. Art. 8306 et seq., these employees were at the time and place of their injury in the course of their employment, but the interpretation of that statute does not affect in any way this contract which uses different words and for a different purpose. This contract of indemnity applies equally to injury to "any person", and to "damage to property", and is not confined to injury to the Sub-Contractor's employees. Its purpose was to require the Sub-Contractor so to carry on the

actual performance of his work as that there should be no responsibility on the Contractor for injury or damage alleged to have been caused by his performance of it, whether the claim be really meritorious or not or whether the Sub-Contractor be really at fault. A part of the agreement not quoted also binds him to defend the suits at his expense. But the injury to these men occurred and was alleged to have occurred while the Sub-Contractor was doing no work and before they got to the time and place where the Sub-Contractor's work would begin. It did not occur in the course of performance of his contract by the Sub-Contractor. He is not liable as indemnitor. No other question need be decided. For this reason the judgment is affirmed.