**CREWS WELL SERVICE, Appellant,**

v.

**The TEXAS COMPANY, Appellee.**

No. 13910.

Court of Civil Appeals of Texas.

San Antonio.

May 2, 1962.

Rehearing Denied June 6, 1962.

Keys, Russell, Keys & Watson, Corpus Christi, for appellant.

Kleberg, Mobley, Lockett & Weil, Corpus Christi, for appellee.

MURRAY, Chief Justice.

This suit was instituted by The Texas Company against Thomas W. Crews, d/b/a Crews Well Service, seeking recoupment under an indemnity provision of an oil field work-over contract. The Texas Company had summoned Crews Well Service, hereinafter called Crews, to work-over a producing oil and gas well. One of Crews'

employees, Hilo Del Bosque, died as a result of burns received while performing work on the well, and his widow and children brought suit against The Texas Company in the Federal Court at Corpus Christi, Texas, to recover damages for Del Bosque's death. The Texas Company called upon Crews to defend the suit, but Crews refused. Thereafter, The Texas Company settled the suit for the total sum of $13,-321.04, $5,000.00 of which was paid to the widow and dependents of Del Bosque, and $8,821.04 to Texas Employers Insurance Association as reimbursement for sums paid by it under the Workmen's Compensation laws for the injuries to and death of Hilo Del Bosque. The Texas Company sought full reimbursement, plus the sum of $1,680.49 as attorney's fees, court costs and other expenses.

The trial was to the court without a jury and resulted in a judgment in favor of The Texas Company in the sum of $15,001.49, from which judgment Crews has prosecuted this appeal. No findings of fact or conclusions of law were requested or made.

The agreement of indemnity executed by Crews in favor of The Texas Company provided in part as follows:

"1. Contractor shall, at Contractor's expense: * * *

(b) Fully protect, indemnify and hold Company harmless against all liability and cost, expense, damages, and loss on account of (1) injury to or death of Contractor, his agents and his employees, * * * arising out of or in connection with the performance of said work, or the use of the materials or equipment furnished for or in connection with said work; * * *."

Appellant contends that the trial court erred in rendering judgment in appellee's favor:

"(1) Because the indemnity provision of the contract did not contemplate indemnification of appellee for its own negligent acts which were the sole cause of the injuries and death of Del Bosque, or

"(2) Which were a contributing cause of such injuries and death.

"(3) Because the indemnity provision of the contract is too broad and general to be enforceable, because it did not specify, either expressly or by implication, that appellant would indemnify appellee for its own negligence, which was the sole cause or a contributing cause of the injuries and death of Del Bosque, and because it did not refer to any specified operation or instrumentality."

Under the contract, appellee had the option to call in Crews to service and work-over any well or wells on appellee's lease anywhere in its southwestern district of Texas, and in keeping with this option appellee did call in appellant to work-over the well, on which job Del Bosque received injuries which caused his death. This well was known as "No. 29, Texas—Tijerina Well." Fred Reinke was appellee's drilling foreman on this well, as well as a number of other wells. Appellant's work on this well was to be paid for an hourly basis, and was to be done "in accordance with the provisions hereof and with plans, specifications, work orders, or instructions given by Company to Contractor on each said job or operation."

Appellant contends that we should construe this contract of indemnity strictly in favor of the indemnitor and against the indemnitee. In discussing this matter, Associate Justice Walker, speaking for the Supreme Court, in Mitchell's, Inc. v. Friedman, 157 Tex. 424, 303 S.W.2d 775, had this to say:

"It is somewhat misleading to say that an indemnity agreement must be strictly construed in favor of the indemnitor and against the indemnitee. Although the distinction has not been frequently noted, the doctrine of strictissimi juris is not a rule of construc-

tion but is a principle of substantive law which is applicable after the intention of the parties has been ascertained by ordinary rules of construction. See note to Houston Fire & Casualty Ins. Co. v. E. E. Cloer, General Contractor, 5th Cir., 217 F.2d 906; Covey v. Schiesswohl, 50 Colo. 68, 114 P. 292; Marshall-Wells Co. v. Tenney, 118 Or. 373, 244 P. 84, 45 A.L.R. 1382; American Chain Co. v. Arrow Grip Mfg. Co., 134 Misc. 321, 235 N.Y.S. 228; 42 C.J. S. Indemnity § 8, p. 574. In determining the rights and liabilities of the parties, therefore, their intention will first be ascertained by rules of construction applicable to contracts generally. At this point neither party is favored over the other simply because their agreement is one of indemnity. After the intention of the parties has been determined, however, the doctrine of strictissimi juris applies and the liability of the indemnitor under his contract as thus interpreted will not be extended beyond the terms of the agreement."

When the ordinary rules of construction are here applied, it is clear that the parties to the indemnity contract intended that appellant fully protect, indemnify and hold appellee harmless against all liability and damages resulting from the work-over job undertaken by appellant, regardless of how it arose or what negligence caused it. We quote further from Mitchell's, Inc. v. Friedman, supra:

"It is not necessary, therefore, for the parties to say in so many words that they intend to protect the indemnitee against liability for negligence. An obligation to hold harmless from claims, liability or damage resulting from a specified operation or instrumentality will be enforced in accordance with its terms even though the indemnitee may thereby be relieved of the consequences of his own negligence. See also Houston & T. C. R. Co. v. Diamond Press Brick Co., 111 Tex. 18, 222 S.W. 204, Id., 111 Tex. 18,

226 S.W. 140. If Zobel's injuries were caused by improper construction, defects or want of repair of the building as the allegations of the petition seem to indicate, his claim falls within the express provisions of the indemnity agreement and petitioner is entitled to insist that respondent discharge his obligations thereunder."

In rendering judgment herein in favor of appellee, the trial court necessarily found that the settlement by appellee of the federal court case against it by the widow and children of Del Bosque was in good faith, and was reasonable and prudent under the circumstances.

Even if the death of Del Bosque was caused by the sole negligence of appellee, the indemnity contract was sufficient to indemnify appellee for its loss occasioned thereby. Mitchell's Inc. v. Friedman, supra. In James Stewart & Co. v. Mobley, Tex.Civ.App., 282 S.W.2d 290, writ refused, the Court said:

"While there is a majority and a minority rule on such question, our Texas courts have committed this State to an affirmative answer to such general question and such an agreement is not against the public policy of this State. As stated in 23 Tex.Jur. 525, Indemnity, sec. 5: 'A contract of indemnity may be made to afford protection from loss because of possible or prospective tort liability. Such a contractual obligation may be enforced in accordance with its terms, irrespective of the fact that the liability protected against arose through the combined negligence of the parties to the contract or through the sole negligence of the party indemnified. Nor does the fact that a contract undertakes to save one harmless from loss resulting through his own negligence, in itself, render the agreement contrary to public policy.' Citing, material here, Gulf, C. & S. F. R. Co. v. Scripture, Tex.Civ.App., 210 S.W. 269, reversed on other points, Pullman Co. v. Gulf, C. & S. F. R. Co., Tex.Com.

App., 231 S.W. 741; Houston & T. C. R. Co. v. Diamond Press Brick Co., Tex.Com.App., 111 Tex. 18, 222 S.W. 204, modified 111 Tex. 18, 226 S.W. 140."

■ We may well conclude that the trial court found that Del Bosque's death was not the result of negligence of appellee, but that appellee was justified in making a settlement of the federal court case against it rather than risk a trial. The trial was before the court, and we must presume that the trial court decided all issues raised by the evidence in such a way as to support the judgment which it rendered. Construction & General Labor Union, Local No. 688 v. Stephenson, 148 Tex. 434, 225 S.W.2d 958; Bankers Home Building & Loan Ass'n v. Wyatt, 139 Tex. 173, 162 S.W.2d 694.

■ The evidence shows that Crews was called-upon to work-over a well of appellee's on property known as Tijerina Ranch in the southern part of Jim Wells County, Texas. As Crews was commencing the work-over job, a fire, explosion or other type of accident occurred, causing the injury and death of Hilo Del Bosque. The work-over crew was attempting to place the substructure over the well when the accident occurred. The pressure in the flow line had not been released by the opening of a valve on it. This process is known as bleeding of the pressure in the flow line. The evidence is conflicting as to whose duty it was, under all the circumstances, to bleed the flow line. The trial court impliedly found that it was the duty of the work-over crew to bleed the flow line. The failure to bleed the flow line was one of the causes of the accident. The court further impliedly found, from the disputed evidence, that the failure of the work-over crew to use a snub line was a proximate cause of the accident. Such negligence of the work-over crew was clearly covered by the indemnity agreement.

Even if appellee's negligence in these matters concurred in producing the acci-

dent, still appellant would be liable for the damages resulting under its indemnity contract. Humble Oil & Refining Company v. Wilson, Tex.Civ.App., 339 S.W.2d 954, writ ref. n. r. e.

■ Appellant contends that the judgment is incorrect because the effect of the indemnity agreement is in derogation of the Workmen's Compensation Act of Texas. (Art. 8306 et seq., Vernon's Ann.Civ.Stats.) If this defense was to be urged at all, it should have been urged in the federal case against appellee, and inasmuch as appellant was called upon to defend the federal case and refused, it will not now be heard to complain because the case was settled and certain defenses not urged at the trial. We do not pass upon whether this would have been a proper defense if it had been timely urged. Koninklyke Nederlandsche Stoomboot Maalschappy, N. V., Royal Netherlands Steamship Company v. Strachan Shipping Co., 5th Circuit, 301 F.2d 741.

Appellant's other points are without merit and are overruled.

The judgment of the trial court is affirmed.