ST. LOUIS SOUTHWESTERN RAILWAY
COMPANY et al., Appellants,

v.

Dwight LYONS et al., Appellees.

No. 7359.

Court of Civil Appeals of Texas,
Beaumont.

Oct. 26, 1972.

Affirmed on Remittitur Oct. 30, 1972.

Rehearings Denied Nov. 22, 1972.

Sewell, Junell & Riggs, Houston, for appellants.

Kenzy Hallmark, Wm. Drew Perkins, Sumner Williams, Jr., Lufkin, for appellees.

STEPHENSON, Justice.

This is an action for damages arising out of a collision between a truck driven by plaintiff, Dwight Lyons, and owned by plaintiff, Lyons Propane Company, and two runaway railroad cars. Trial was by jury and judgment was rendered for plaintiff upon the verdict, as hereinafter set forth. The parties will be referred to by name. The somewhat complicated factual situation requires a detailed outline of the facts.

On the day before the occurrence in question, a train crew spotted the two cars involved in this collision on the W. E. Wood, d/b/a Wood's Feed & Supply Co. (hereinafter called "Wood's"), rail siding. The engineer of the crew was an employee of defendant St. Louis Southwestern Rail-

way Company (hereinafter called "Cotton Belt"), while the conductor and two switchmen were employees of defendant Southern Pacific Transportation Company (hereinafter called "Southern Pacific"). The next morning, employees of Wood's unloaded one of the cars into the Wood's conveyor pit. They then began moving the car with a car jack, causing the unloaded car to run into the second car. Both cars rolled from Wood's siding onto the old Cotton Belt main line and continued until they collided with plaintiff's truck at an intersection some 1600 feet away. Wood's had an industrial track agreement and a conveyor license agreement with Cotton Belt, both of which contained indemnity provisions.

Lyons sued Wood's, Cotton Belt and Southern Pacific for his personal injuries. Cotton Belt and Southern Pacific sued Wood's for contractual indemnity. The jury found several issues of negligence against the railroads and acquitted Lyons and Wood's of all acts of negligence. Judgment was entered against both railroads and denied the railroad's action for indemnity.

Cotton Belt's first point of error is that the trial court erred in failing to grant contractual indemnity against Wood's under both of its agreements. The Industrial Track Agreement contained provisions which obligated Wood's to:

"(d) assume and indemnify Railway, its successors and assigns, against all liability, loss, damage or expense, occasioned by, arising from or incident to the moving of or otherwise disturbing by Industry, its agents, employees or licensees, of any freight cars located on said track; and (e) indemnify and hold harmless Railway for loss, damage, injury or death, from any act or omission of Industry, its employees or agents, to the person or property of the parties hereto and their employees, and to the person or property of any other person or corporation, while on or about said track; and if any claim or liability, other than

from fire, shall arise from the joint or concurring negligence of both parties hereto, it shall be borne by them equally."

We consider this point of error in accordance with recent expressions by the Supreme Court of Texas in Joe Adams & Son v. McCann Construction Company, 475 S.W.2d 721, 723–724 (Tex.1972) in which it is written:

"Texas follows the general rule that an indemnity agreement will not protect the indemnitee against the consequences of his own negligence unless the obligation is expressed in unequivocal terms. It is not necessary for the parties to say, in so many words, that they intend to save the indemnitee harmless from liability for his own wrongs, but it is necessary for that intention to clearly appear when all the provisions of the contract are considered in the light of the circumstances surrounding its execution. This was pointed out in Spence & Howe Construction Co. v. Gulf Oil Corp., Tex. Sup., 365 S.W.2d 631, where we stated that:

"'* * * Ordinarily, however, one does not contract against the results of his own negligence. Such agreements, except for insurance contracts, must be regarded as exceptional rather than usual in the majority of business transactions. Before such indemnity contracts may be enforced it must clearly appear that the contracting parties intended that the indemnitor would be held liable for damages resulting from the negligence of the indemnitee.'"

See also Sira and Payne, Inc. v. Wallace and Riddle, a Partnership, 484 S.W.2d 559 (Tex.1972).

The rule appears to be clear; however, much difficulty has arisen in its application. Even though all of the members of the Supreme Court of Texas agree with the rules above stated, the *Joe Adams &*

*Son* case, supra, is a five to four decision, and two justices concurred but did not agree with the construction of these rules in *Sira and Payne, Inc.,* supra.

From a careful study of the indemnity agreement and the Supreme Court cases mentioned above, we have concluded that Cotton Belt is entitled to indemnity from Wood's. We think the clear intention of the parties expressed in such agreement is that Wood's was obligated to Cotton Belt to indemnify Cotton Belt for all damages "occasioned by, arising from or incident to the moving . . . [by Wood's] of any freight cars located on said track." The uncontroverted evidence shows that plaintiff's damages were "occasioned by, arising from or incident to" the moving of a freight car by Wood's employees on the spur track in question. This is not the case in which an indemnity agreement merely provides for indemnity for injuries caused by, or arising out of negligent acts of the indemnitor. The effect of the words used by these parties to express their agreement was that Wood's was obligated to indemnify Cotton Belt for damages arising out of a specified operation, i.e., moving of any freight cars, without regard to fault. This language is broad enough to bring it in line with the rulings in Houston & T. C. R. Co. v. Diamond Press Brick Co., 111 Tex. 18, 222 S. W. 204, 226 S.W. 140 (1920); Mitchell's, Inc. v. Friedman, 157 Tex. 424, 303 S.W.2d 775 (1957); and Joe Adams & Son v. McCann Construction Company, supra. This point is sustained.

In its brief, Cotton Belt has stated that it does not want this court to consider its other points of error if it is held that Cotton Belt is entitled to indemnity. We proceed to consider Southern Pacific's points of error.

The jury found: The box car in question had defective brakes when it was spotted which was a proximate cause of this collision. That Southern Pacific failed to make a proper inspection of the box car in question and that this was a proximate cause of this collision. That it was negligence not to have a derail on the railroad lines in question and that this was a proximate cause of the collision. That Southern Pacific failed to secure said box car after spotting it on the track in question which was negligence and a proximate cause of the collision.

Southern Pacific has a point of error that the special issues inquiring about the failure to install a derail should have been preceded by a "notice" issue similar to those submitted in a slip and fall case. The uncontroverted evidence shows that there was no derailing device between Wood's spur track and where the accident occurred, and Southern Pacific, through its employees, knew that there was an incline between these two points and if the cars were not chocked or braked, they would roll down that incline. Notice, if needed, was established as a matter of law. The point is overruled.

We have considered Southern Pacific's points of error attacking the jury findings of negligence and proximate cause. We have applied the usual rules, i. e., looking only to the favorable evidence in passing upon the no evidence points, and the entire record in passing upon the insufficiency and great weight and preponderance points. All of such points of error are overruled except those directed to the special issue inquiring about the amount of future medical expense. We find no evidence to support the jury finding of $2500 for future medical expense.

If within ten days plaintiff Dwight Lyons will remit $2500 in damages, the judgment will be reformed to reduce the amount of recovery by that amount and to allow indemnity by Cotton Belt against Wood's. Otherwise, it will be reversed and remanded.

The judgment of the trial court is affirmed, conditionally.