**EASTEX INCORPORATED**

v.

**STEBBINS ENGINEERING AND MANUFACTURING COMPANY.**

No. B-75-306-CA.

United States District Court,
E. D. Texas,
Beaumont Division.

June 13, 1977.

Gilbert I. Low, Orgain, Bell & Tucker, Beaumont, Tex., for plaintiff.

James W. Mehaffy, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, Tex., for defendant.

## MEMORANDUM OPINION

STEGER, District Judge.

The Court is faced once again with the difficult task of interpreting an indemnity provision. The Plaintiff, Eastex Incorporated, asserts that under the provision in question, it is entitled to be indemnified by the Defendant, Stebbins Engineering and Manufacturing Company, for damages arising from the Plaintiff's own negligence. The Defendant denies that the provision in question entitles the Plaintiff to be indemnified for damage caused by the Plaintiff's negligence.

The indemnity provision in question was a part of a contract that was entered into between the parties prior to June, 1973. In this contract, the Defendant agreed to perform certain work for the Plaintiff at the Plaintiff's papermill near Evadale, Texas. On or about June 5, 1973, two employees of the Defendant, Charles R. Hughes and James C. Wheat, were injured at the Plaintiff's mill as they were performing work in the course and scope of their employment for the Defendant, pursuant to the contract in question. These employees received their injuries when sulphur dioxide was accidently pumped into lines which fed the air masks the men were wearing. It has been stipulated between the parties that it was negligence of the Plaintiff which allowed the sulphur dioxide to flow into the masks. They have further stipulated that this negligence was the proximate cause of the injuries received by employees Hughes and Wheat. As a result of his injuries, Mr. Hughes died.

Suit was filed against Eastex by James Wheat and by the survivors of Charles Hughes in the state District Court for Jasper County, Texas. Eastex settled these suits for a total of $434,021.72. It has been stipulated between the parties that the settlement was made in good faith and the amounts were reasonable. It was further stipulated that Eastex gave timely notice to Stebbins and made timely demand on Stebbins to take over and defend the suit. Stebbins refused to defend, and Eastex is now before the Court seeking indemnity from Stebbins for the amount paid in settling the claim.

The parties are residents of different states, and they have agreed that in this diversity suit, Texas law must control.

The most authoritative Texas case on the subject of indemnity agreements is *Fireman's Fund Ins. Co. v. Commercial Stand. Ins. Co.*, 490 S.W.2d 818 (Tex. 1972). The Texas Supreme Court stated in *Fireman's Fund* that under the law of Texas, a contract of indemnity will not afford protection to the indemnitee against the consequences of his own negligence unless the contract clearly expresses such an obligation in unequivocal terms. The Court further stated that they had in fact progressed toward the "express negligence" rule as near as is judicially possible without adopting it.

The Court then laid out the rule that broad general statements of the indemnity obligation are not sufficient to protect an indemnitee against his own negligence, with three recognized exceptions. These three exceptions are:

. . . (1) agreements in which one person clearly undertakes to indemnify another against liability for injuries or damages caused by defects in certain premises or resulting from the maintenance or operation of a specified instrumentality as in *Mitchell's, Inc. v. Friedman, supra* [157 Tex. 424, 303 S.W.2d 775 (1957)] and *Houston & T. C. R. Co. v. Diamond Press Brick Co.*, 111 Tex. 18, 222 S.W. 204, 226 S.W. 140 (1920); (2) agreements which fall within the peculiar circumstances of the indemnitor having complete supervision over the property and employees of the indemnitee in connection with the performance of the indemnitor's contract, as in *Spence & Howe, [Construction Co. v. Gulf Oil Corp.] supra*; [365 S.W.2d 631 (Tex. 1963)] and (3) contracts in which there is

an unequivocal provision that indemnitor will protect and indemnify the indemnitee from any and all liability by reason of injuries to indemnitor's employees as in *Ohio Oil, supra.*

The indemnity provision in question in this suit reads as follows:

The insured hereby assumes entire responsibility and liability in and for any and all damages or injury of any kind or nature whatever, including death resulting from injury to all persons whether its employees or otherwise, and to all property, growing out of or resulting from the execution of the work provided for in this contract or occurring in connection therewith and agrees to indemnify and save harmless Eastex Inc., its agents, servants, employees and insurers from and against any and all loss, expense, including court costs and attorneys fees, damages or injury growing out of or resulting from or occurring in connection with the execution of the work herein.

The Plaintiff asserts that under the applicable Texas law, the provision in question is sufficient to require the Defendant to indemnify the Plaintiff from all liability suffered as a consequence of the Plaintiff's own negligence. The Plaintiff's reasons for this assertion are three-fold: (1) The language used in the indemnity provision sufficiently shows a clear intent to indemnify Eastex for its own negligence; (2) the indemnity provision is a part of a contract of insurance, as opposed to being a mere indemnity agreement; and (3) the indemnity provision falls into the *Ohio Oil*[1] exception.

The Plaintiff's first contention, to-wit that the language of the provision clearly and unequivocally states that Eastex is to be indemnified from liability for even its own negligence, and is not a broad general statement fails to impress the Court. The Plaintiff's argument rests on the fact that the language states that the Defendant will assume *entire* responsibility and liability. In the Court's opinion, this is the broad general language that the Texas Supreme Court held would not suffice in *Fireman's Fund.*

The Court is likewise not impressed with the Plaintiff's assertion that the clause in question was a part of an insurance contract, as opposed to a mere indemnity agreement. The clause in question is a part of a certificate of insurance that was submitted to the Plaintiff by the Defendant. The Plaintiff required such a certificate to be presented prior to any work being commenced by the Defendant, and it was a part of the correspondence between the parties. In the Court's opinion, it was a part of the contract between the parties, and was subject to the rules of interpretation and construction that all indemnity provisions are subject to.

The Plaintiff's final contention has much more merit. One of the exceptions to the general rule that broad general statements will not afford protection to the indemnitee is the so-called *Ohio Oil* exception. In *Fireman's Fund* the Texas Supreme Court stated the exception in the following language: ". . . contracts in which there is an unequivocal provision that indemnitor will protect and indemnify the indemnitee from any and all liability by reason of injuries to the indemnitor's employees as in *Ohio Oil, supra.*" 490 S.W.2d at 822.

The pertinent provision of the certificate of insurance provides that the Defendant ". . . hereby assumes entire responsibility and liability in and for any and all damages of injury of any kind or nature whatever . . . to all persons whether its employees or otherwise . . . growing out of or resulting from the execution of the work . . . and agrees to indemnify and save harmless Eastex Inc., . . . from and against any and all loss . . ."

The Defendant asserts that this language cannot come within the *Ohio Oil* exception because it is not limited to *only* the employees of the Defendant, but instead covers all persons, including the Defendant's employees. The Defendant alleges that in every case which has followed the *Ohio Oil* exception, the pertinent language has been limit-

1. *Ohio Oil Company v. Smith*, 365 S.W.2d 621 (Tex. 1963).

ed to claims arising out of injuries to the indemnitor's own employees.

Whether or not the provision in question comes within the *Ohio Oil* exception is a difficult question. The Defendant has cited no cases to the Court which have held that the pertinent indemnity provision must be limited to the employees of the indemnitor, but it appears that that was in fact the situation in the *Ohio Oil* case. However, although this matter is not free from doubt, the Court is of the opinion that the indemnity clause present in this suit is sufficient to fall within the *Ohio Oil* exception.

If the clause in question were worded such that it applied only to the employees of the Defendant, i.e., if it read that the Defendant "hereby assumes entire responsibility and liability for any and all damages or injury of any kind or nature whatever to its employees growing out of or resulting from the work, and agrees to indemnify and save harmless Eastex, Inc., from any and all loss," then it would most assuredly come within the *Ohio Oil* exception. The applicable language in *Ohio Oil* stated, ". . . and indemnify Ohio from and against any and all liabilities by reason of injury of employees of contractor [the indemnitor]." 365 S.W.2d at 623. The provision in the instant suit, if limited to the employees of the Defendant, would be as strong as the language used in the *Ohio Oil* case. Thus the Court must decide if the inclusion of persons in addition to the employees of the Defendant in the pertinent clause is sufficient reason to take the case out of the *Ohio Oil* exception. The Court can see no reason why it should. In the *Ohio Oil* case, there was a more general clause which applied to all persons. This clause read, ". . . shall save and hold harmless Ohio from . . . any and all claims and damages of every kind, for injury to or death of any person . . . arising out of or attributed, directly or indirectly, to the operation of the Contractor . . . ." Based on the principle of contract construction that one must construe the contract as a whole, the more general clause in the *Ohio Oil* case had to be considered along with the clause pertaining only to the employees of the indemnitor.

Since the more general clause did not void the clause pertaining to the indemnitor's employees, the Court is of the opinion that a Texas Court would hold that the fact that the clauses were combined into one would make no difference. The Defendant has offered to the Court no explanation or reason why combining the two clauses should take the case out of the *Ohio Oil* exception, and the Court can see no reason why it should. The indemnity provision would not, of course, entitle the Plaintiff to be indemnified from liability for injuries caused by the Plaintiff's negligence to any one other than the indemnitor/Defendant's employees, because the language does not meet the "express negligence" rule of *Fireman's Fund*. But under the *Fireman's Fund* case, the language need not satisfy the express negligence rule in order to come under the *Ohio Oil* exception. The contract need only have an unequivocal provision that the indemnitor will protect and indemnify the indemnitee from any and all liability by reason of injuries to the indemnitor's employees. This indemnity provision has that.

In addition, the Court observes that in a case fairly similar to this, *Richmond v. Amoco Production Company*, 390 F.Supp. 673 (E.D. Tex. 1975), this Court held that an indemnity provision which stated that the indemnitor "shall be liable for any and all claims arising from injuries to employees of [the]" indemnitor, "or to any subcontractor or to employees of any subcontractor . . . ." was sufficient to fall within the *Ohio Oil* exception. This Court considered then the question of whether the fact that additional persons were included under the clause, i.e., subcontractors and employees of subcontractors, should take the case out of the *Ohio Oil* exception. The Court concluded that it did not, and the case was affirmed by the Fifth Circuit Court of Appeals at 532 F.2d 1374.

The Defendant has also asserted here that a letter written by the Defendant to the Plaintiff in connection with another contract entered into between the parties, approximately one year preceding the contract in question, shows that the parties did not intend for the Plaintiff to be indemnified for damages resulting from its own

negligence. The letter in question was a cover letter sent to the Plaintiff accompanying the Defendant's certificate of insurance. The letter stated in part that, "We are enclosing our Standard Insurance Certificate but excluding sole negligence of the owner." The certificate of insurance sent by the Defendant with that letter was identical in all pertinent respects to the certificate which became a part of the contract involved in this suit. The Defendant asserts that the language in the letter demonstrates that it was not the intention of the parties that the Plaintiff was to be indemnified for the consequences of his own negligence, even as to liability arising from injuries to the Defendant's employees. The Court, however, fails to find this letter as informative on the question as does the Defendant. As previously stated, the letter accompanied a certificate of insurance which was a part of a previous contract between the parties. No such letter accompanied the certificate which became a part of the contract in question. Further, by letter dated April 27, 1973, which letter apparently constituted the Defendant's bid on the work to be done, the Defendant stated, "A 'Certificate of Insurance' certifying that the policies are in force and stating the kind and extent of the coverage is attached to this quotation . . . We accept no liability beyond that expressly set forth on this Certificate." In the opinion of the Court this is a clear indication that the insurance certificate is to speak for itself, and the intent of the parties as to the indemnity agreement must be gathered from the four corners of the Certificate of Insurance. Any letters written with regard to previous contracts are of no consequence.

In summary, the Court holds that the indemnity provision in this contract fits into the *Ohio Oil* exception, as stated in *Fireman's Fund Ins. Co. v. Commercial Stand. Ins. Co., supra,* and the Plaintiff is entitled to be indemnified for the amounts it paid in settlement of the suits previously described, to the extent of the limits of the policy set forth in the Certificate of Insurance.

The Court having held that the intent of the parties as to the indemnity agreement must be gathered from the four corners of the Certificate of Insurance, and the Certificate of Insurance having set out the policy limits for contractual coverage, it follows that the recovery must be limited by such policy limits. These limits were $300,000.00 for bodily injury for each person and $600,000.00 for bodily injury for each accident. Thus, Plaintiff is entitled to recover $300,000.00 out of the amount it paid in settlement of the Hughes suit, and $11,035.90 for the amount it paid in settlement of the Wheat suit, making a total recovery of $311,035.90.

Judgment will be entered in accordance with this opinion.