**COMMERCIAL UNION INSURANCE COMPANY, Appellant,**

v.

**CHEVRON U.S.A., INC., Appellee.**

No. 08–83–00321–CV.

Court of Appeals of Texas,
El Paso.

Dec. 19, 1984.

Rehearing Denied Jan. 16, 1985.

James A. Williams, Kevin J. Keith, Bailey & Williams, Dallas, for appellant.

S. Tom Morris, Gibson, Ochsner & Adkins, Amarillo, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This case involves the question of whether the contract to indemnify includes the indemnitee's own negligence. The trial court held that it did not. We affirm.

The indemnity provision is contained in the contract whereby Chevron U.S.A., Inc. entered into a carbon-dioxide ($CO_2$ gas) purchase contract with El Paso Natural Gas Company, Plaintiff's insured and subrogor. The paragraph of the contract entitled "Indemnity" provided:

As between the parties hereto, Seller [El Paso Natural Gas] shall be deemed to be in exclusive control and possession of the '$CO_2$ gas' prior to delivery hereunder and shall hold buyer [Chevron] harmless against any injury or damage caused thereby until same shall have been delivered to Buyer into Buyer's facilities at the point of connection to the Plant system, after which Buyer shall be deemed to be exclusively in control and possession thereof and shall hold Seller harmless against any injury or damage caused thereby.

We have inserted the names El Paso Natural Gas and Chevron after Seller and Buyer in the contract. On March 27, 1975, after the $CO_2$ gas had passed the "point of connection" and entered Chevron's facility and was in the process of being compressed, an explosion occurred causing damage to the plant and personal injury to Mr. Lloyd Coots. Commercial Union as insurer of El Paso Natural Gas has paid to a third-party $700,000.00 for damages to the plant and $20,794.36 to Mr. Coots as compensation for his personal injuries. Commercial Union filed this action to obtain indemnity for the amounts paid on behalf of El Paso Natural Gas. Both parties moved for summary judgment and in the order here appealed from, the court granted Chevron's motion for summary judgment and denied Commercial Union's motion.

In the suit out of which the settlement arose, the jury found both the Plaintiff and the Defendant El Paso guilty of acts of negligence, but the trial court disregarded the findings against the Plaintiff and entered judgment against El Paso. That is the judgment which was compromised and settled for $700,000.00. That settlement agreement provided that the motion for new trial which El Paso had filed would be allowed to expire by operation of law and that El Paso would not appeal the case. The effect of the agreement was to leave standing a final judgment with findings of negligence against El Paso. In the case before us then, Commercial Union, standing in the shoes of El Paso, is in the position of one seeking indemnity for its own negligence.

■ In order for an indemnity agreement to protect an indemnitee from the consequences of its own negligence, the obligation of the indemnitor to do so need not be stated in so many words, but must be expressed in clear and unequivocal terms. *Fireman's Fund Insurance Company v. Commercial Standard Insurance Company,* 490 S.W.2d 818, 822 (Tex.1973); *Sira & Payne, Inc. v. Wallace & Riddle,* 484 S.W.2d 559, 561 (Tex.1972); *Joe Adams & Son v. McCann Construction Company,* 475 S.W.2d 721, 723 (Tex.1972). And it is said that Texas Courts have been progressively stricter in applying the "clear and unequivocal" rule in the sundry cases that have dealt with the issue over the last three decades. *Eastman Kodak Company v. Exxon Corporation,* 603 S.W.2d 208, 211 (Tex.1980). As noted in *Fireman's Fund Insurance Company v. Commercial Standard Insurance Company, supra,* at 822:

We have [Texas Courts] . . ., progressed toward the so-called 'express negligence' rule as near as is judicially possible without adopting it and thereby requiring in all cases that the parties state, in so many words, that they intend to save the indemnitee harmless from liability for his own negligence.

The reason for such a rule is apparent considering the purpose.

The obvious purpose of this rule is to prevent injustice. A contracting party should be upon fair notice that under his agreement and through no fault of his own, a large and ruinous award of damages may be assessed against him solely by reason of negligence attributable to the opposite contracting party.

*Spence & Howe Construction Co. v. Gulf Oil Corporation,* 365 S.W.2d 631, 634 (Tex. 1963).

In the case before us, the parties used broad language saying "any injury or damage." This is a blanket coverage and all encompassing, but it does not meet the test to cover one's own negligence. In *Fireman's Fund Insurance Company v. Commercial Standard Insurance Company, supra,* the Supreme Court said:

> In this connection, it should be clear from our opinion in [*Joe Adams & Son v.*] *McCann* [*Construction Company*] *supra* [475 S.W.2d 721 (Tex.1971)], including its discussion of the leading cases and modification of our opinion in *Ohio Oil Co. v. Smith,* 365 S.W.2d 621 (Tex.1963), that broad general statements of the indemnity obligation are not sufficient to protect an indemnitee against his own negligence, and that the only presently recognized exceptions are limited to (1) agreements in which one person clearly undertakes to indemnify another against liability for injuries or damages caused by defects in certain premises or resulting from the maintenance or operation of a specified instrumentality as in *Mitchell's Inc. v. Friedman, supra,* [157 Tex. 424, 303 S.W.2d 775 (1957)], and *Houston & T.C.R. Co. v. Diamond Press Brick Co.,* 111 Tex. 18, 222 S.W. 204, 226 S.W. 140 (1920); (2) agreements which fall within the peculiar circumstances of the indemnitor having complete supervision over the property and employees of the indemnitee in connection with the performance of the indemnitor's contract, as in *Spence & Howe, supra*; and (3) contracts in which there is an unequivocal provision that indemnitor will protect and indemnify the indemnitee from any and all liability by reason of injuries to indemnitor's employees as in *Ohio Oil, supra.*

 The contract before us involves a purchase-sale and none of the three exceptions above cited apply. If it could be argued that (1) is applicable on the basis

that a defective product was supplied, the end result is the same because these same rules will be applied in determining whether an agreement purports to indemnify one against the consequences of supplying a defective product. *McKesson Chemical Company v. Phelps Dodge Corporation,* 638 S.W.2d 64 (Tex.Civ.App.—Corpus Christi 1982, writ ref'd n.r.e.); *Rourke v. Garza,* 511 S.W.2d 331, 341 (Tex.Civ.App.—Houston [1st Dist.] 1974), *affirmed,* 530 S.W.2d 794 (Tex.1975). Considering the indemnity provision in the contract before us, as well as the remainder of the contract, we find no clear and unequivocal language showing that the contract was intended to indemnify El Paso against its own negligence.

Appellant's final point of error addresses the issue of whether Appellant's suit below was barred by the doctrines of res judicata, collateral estoppel and compromise settlement which were pled as affirmative defenses. We overrule this point of error without discussion since the previous points of error are dispositive of the case.

The judgment of the trial court is affirmed.