**F. A. EALAND and W. N. Wood, d/b/a Ealand-Wood Lumber Company, Appellant,**

**v.**

**GULF, COLORADO & SANTA FE RAILWAY COMPANY, Appellee.**

No. 6854.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 2, 1967.

Rehearing Denied Feb. 22, 1967.

Keith, Mehaffy & Weber, Beaumont, for appellant.

Chilton O'Brien, Beaumont, for appellee.

STEPHENSON, Justice.

This is an action for indemnity, or in the alternative, for contribution. Trial was by jury and judgment was rendered upon the jury findings for plaintiff Gulf, Colorado & Santa Fe Railway Company for full indemnity against defendant, Ealand-Wood Lumber Company.

J. H. Simpson was injured in the course of his employment with Ealand-Wood Lumber Company when struck by a Gulf, Colorado & Santa Fe Railway Company engine. Simpson recovered workmen's compensation benefits from his employer's carrier. Simpson then sued Gulf, Colorado & Santa Fe Railway Company for damages for personal injuries. This trial was by jury and Simpson recovered judgment based upon jury findings that Gulf, Colorado & Santa Fe Railway Company was guilty of various acts of negligence proximately causing his injury. Gulf Colorado & Santa Fe Railway Company v. Simpson, Tex.Civ. App., 331 S.W.2d 785. When this judgment became final, Gulf, Colorado & Santa Fe Railway Company brought this action

against Ealand-Wood Lumber Company upon a written agreement providing for both indemnity and contribution.

The jury made the following findings:

Special Issue No. 1: Simpson was injured while on or about the Ealand-Wood Lumber Company spur track.

Special Issue No. 2: That Ealand-Wood Lumber Company failed to provide access to the hammer-hog which could be used without going between the planer mill shed and the spur track.

Special Issue No. 3: That Simpson was permitted to go under the planer mill to service the hammer-hog.

Special Issue No. 4: The steps constructed by Ealand-Wood Lumber Company from the planer mill shed were perpendicular to the spur track so that a person preparing to ascend such steps would be in the path of an engine operating on the spur track.

Special Issue No. 5: The bottom tread of the steps from the planer mill shed was within 4 feet of the nearest rail of the spur track.

Special Issue No. 6: Ealand-Wood Lumber Company failed to adopt and enforce rules and regulations for the protection of its employees while working on or near the spur track.

Special Issue No. 7: Ealand-Wood Lumber Company failed to require its employees to notify by signals or flags the employees of the Railway Company that they were on or near the spur track.

Special Issue No. 8: That Simpson went into the space between the planer mill shed and the spur track when an engine was approaching on the spur track.

Special Issue No. 9: That Simpson stepped into the path of the engine approaching on the spur track while returning from the hammer-hog beneath the planer mill shed to the planer mill.

Special Issue No. 10: Simpson failed to place some sort of signal or flag to notify employees of the Railway Company that were operating the engine on the spur track that he was working on or near the spur track.

Special Issue No. 11: That the act or acts, omission or omissions that the jury had found in response to issues 2 through 10, was a proximate cause of the injuries to Simpson.

Special Issue No. 12: That the act or acts, omission or omissions, that the jury had found in response to issues 2 through 10, was negligence.

■ It is contended that Gulf, Colorado & Santa Fe Railway Company is precluded as a matter of law from recovery by Article 8306, § 3. This section was amended in 1963, after this cause of action arose, to provide that the subscriber under the Compensation Act would have no liability to reimburse or hold harmless a third person against whom a judgment had been obtained by an employee, in the absence of a written agreement expressly assuming such liability. It is argued that inasmuch as this was not provided for before 1963, that the law was changed in 1963 and, consequently, at the time this cause of action arose the third party could not recover from the subscriber.

We have found no Texas case passing directly upon this point. We hold that the 1963 amendment to Article 8306, § 3, did not change the law, and that the right of action for indemnity and contribution based upon a written agreement existed before such amendment. We have found no Texas case to the contrary. The point is overruled.

Ealand-Wood Lumber Company's next point is that Gulf, Colorado & Santa Fe

Railway Company as a matter of law could not recover indemnity under the terms of the written agreement between them because both parties were guilty of joint and concurring negligence. This agreement contained the following provision as a part of paragraph 5:

"* * * The Industry also agrees to indemnify and hold harmless the Railway Company for loss, damage or injury from any act or omission of the Industry, its employees or agents, to the person or property of the parties hereto and their employees, and to the person or property of any other person or corporation, while on or about the Track; and if any claim or liability other than from fire shall arise from the joint or concurring negligence of both parties hereto, it shall be borne by them equally."

It is argued that Gulf, Colorado & Santa Fe Railway Company was found guilty of negligence in the case brought by Simpson against it, and therefore the liability sued upon in this present case arose from the joint or concurring negligence of both parties and should be borne by them equally. However, a part of paragraph 6 of such agreement is as follows:

"6. That it will at all times keep a space of six (6) feet from the nearest rail of any railroad track entirely clear of structures, material and obstructions of every sort. * * * In case of a breach of these obligations, or any of them, the Industry assumes and agrees to indemnify the Railway Company against all liability for loss, damage, injury and death arising therefrom and to reimburse the Railway Company for any sums which the Railway Company may have been required to pay in the way of damages, fines, penalties or other expense resulting from the violation by the Industry of any statute or order as aforesaid."

The prior case of Simpson against Gulf, Colorado & Santa Fe Railway Company established the facts that negligent acts of Gulf, Colorado & Santa Fe Railway Company proximately caused the injuries to Simpson. The findings of the jury in the present case in response to issues 2, 3 and 4 established the facts that Ealand-Wood Lumber Company either did or failed to do certain acts. Findings of negligence and proximate cause as to such acts or omissions would bring this case under paragraph 5 of the agreement above set forth, and Gulf, Colorado & Santa Fe Railway Company would be entitled to contribution from Ealand-Wood Lumber Company.

The finding of the jury in response to issue No. 5 that the bottom tread on the steps was within 4 feet of the nearest rail brought this case within the provision of paragraph 6 of the agreement set out above which required 6 feet of clearance. A finding by the jury that Simpson's injuries "resulted from" the breach of such obligation on the part of Ealand-Wood Lumber Company if supported by the evidence would bring this case within the terms of paragraph 6 of the agreement and complete indemnity would result.

No point is made in this court complaining of special issue No. 11 which related to proximate cause. Even though this issue is worded in such a manner that it might be interpreted in two ways, neither the parties nor the trial court found any difficulty in this method of submission. The findings by the jury if supported by the evidence that Ealand-Wood Lumber Company had violated the terms of the agreement with Gulf, Colorado & Santa Fe Railway Company as provided by paragraph 6 and that such violation proximately caused the injuries to Simpson were properly the basis for the judgment of the trial court for indemnity. The findings in the previous case that Gulf, Colorado & Santa Fe Railway Company was guilty of certain acts of negligence proximately causing the injuries to Simpson do not preclude Gulf, Colorado & Santa Fe Railway Company as a matter of law from recovery in this action on the written contract between them. Mitchell's, Inc. v. Friedman, 157 Tex. 424,

303 S.W.2d 775; Houston & T. C. R. Co. v. Diamond Press Brick Co., 111 Tex. 18, 222 S.W. 204, 205.

It is next contended that there was no evidence to support the finding of the jury that the proximity of the steps to the rail was of proximate cause of the accident in question.

In passing upon this "no evidence" point we consider only the evidence favorable to such finding. The jury found that the bottom tread of the steps from the planer mill shed was within 4 feet of the nearest rail of the spur track. No complaint is made as to this finding. The written agreement between the parties provided in paragraph 6, as set forth above, that a space of 6 feet from the nearest rail would be kept clear of all structures, material and structures of every sort. Ealand-Wood agreed to indemnify the Railway Company against all liability arising from a breach of this obligation.

The witness McQueen, employee for Ealand-Wood Lumber Company, testified that he did not see Simpson when he was struck and did not remember any evidence that Simpson had been drug. The witness Yoksh, conductor for Gulf, Colorado & Santa Fe Railway Company, did not see Simpson go in or come out from under the planer mill shed. The witness Stott did not know where Simpson was when he was struck by the train as he did not see him until after the accident. Stott estimated Simpson was 50 feet south of the steps when he saw him after the accident. Stott said there was some evidence that something had been drug the last few feet before the train stopped, but none in the vicinity of the hammer-hog. Simpson was the only other witness to testify who was present at the time of the accident. Simpson testified he had been to the hammer-hog under the planer mill shed, and when he first came out and raised up he was struck by the train. He said the place he was struck was 37 or 37½ feet from the steps. The testimony given by Simpson

that it was his intention to go back to the steps and go up them into the planer mill shed is not enough to connect the steps with the accident. We find no evidence to support this finding of the jury.

We now encounter the problem as to whether a violation of paragraph 7 of the agreement would entitle Gulf, Colorado & Santa Fe Railway Company to recover contribution or indemnity. Paragraph 7 reads as follows:

"7. That it will adopt and enforce suitable rules and regulations for the protection of its employees and others while working in or on cars or on or near The Track, and will require such employees and others to notify, by proper signals or flags, the employees of the Railway Company that they are in or on cars or on or near The Track."

It is noted that this paragraph makes no mention of either contribution or indemnity. The answers of the jury to special issues Nos. 6 and 7 found that Ealand-Wood Lumber Company violated both parts of this paragraph in failing to adopt safety rules and regulations and failing to require its employees to notify by signals or flags the employees of the Railway Company that they were on or near the spur track. No complaint is made as to these findings.

In construing this contract, we have been guided by the law as stated in Mitchell's, Inc. v. Friedman, 157 Tex. 424, 303 S.W.2d 775. We have applied the ordinary rules of construction in order to ascertain the intention of the parties. In paragraph 5 it is stated that any liability other than from fire arising from the joint or concurring negligence of both parties should be borne by them equally. Paragraph 7 states specific standards of conduct that Ealand-Wood Lumber Company was compelled to comply with. We construe the failure to comply as constituting acts of negligence which when considered with acts of negligence on the part of

Gulf, Colorado & Santa Fe Railway Company resulted in liability, resulted in the claim being borne by them equally. If it had been the intention of the parties that these violations result in indemnity, we think they would have been listed in paragraph 6 together with the space requirements. We think the parties must have intended their obligations relating to indemnity should be defined by the paragraph which specifically referred to that subject. Booth-Kelly Lumber Co. v. Southern Pacific Co. (9th Cir.), 183 F.2d 902, 20 A.L.R.2d 695.

The judgment of the trial court is reformed to permit Gulf, Colorado & Santa Fe Railway Company to recover from Ealand-Wood Lumber Company contribution in the sum of one-half, as follows, the sum of $12,519.94, together with interest on $10,306.94 thereof at the rate of 6% per annum from June 22, 1960 until paid, and interest on the remainder of $2,213.00 at the rate of 6% per annum from October 12, 1960 until paid.

Reformed and affirmed.