**LONE STAR INDUSTRIES, INC., Appellant,**

v.

**The ATCHISON, TOPEKA, & SANTA FE RAILWAY, CO., Appellee.**

**No. 09 82 130 CV.**

Court of Appeals of Texas, Beaumont.

Feb. 23, 1984.

Rehearing Denied March 21, 1984.

Kyle Wheelus, Jr., Beaumont, for appellant.

Patricia D. Chamblin, Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

This action arises from the death of Cecil Ray Young who was killed while working as a brakeman for appellee, The Atchison, Topeka & Santa Fe Railway, Co. (Santa Fe). The accident occurred in Liberty County, Texas, at the intersection of the Lone Star Industries, Inc., track and Highway 105.

As a Santa Fe train was crossing Highway 105 on a spur track owned by Lone Star, Young was standing at the crossing, flagging traffic. A log truck, owned by Buck Woods and operated by Charles Mosley, approached the crossing. It became obvious that the driver could not bring the vehicle to a controlled stop. Young then proceeded from the crossing in an attempt to reach a place of safety. He ran toward the truck and then down a gravel road which ran parallel to the track. The log truck driver swerved onto the gravel road to avoid hitting the train. His truck jack-knifed and overturned, causing the load of logs to fall upon Young and kill him instantly.

Young's widow and children sued the truck driver, truck owner, Lone Star and Santa Fe. The truck driver, truck owner and Lone Star were sued under the Texas Wrongful Death and Survival Statutes, TEX.REV.CIV.STAT.ANN. art. 4671 (Vernon Supp.1982–1983) *and art. 5525* (Vernon 1958). Santa Fe was sued under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 et seq. (1972).

Various cross-actions were filed. The cross-action at issue on this appeal is the Santa Fe's cross-action against Lone Star, wherein Santa Fe sought indemnity or, alternatively, contribution from Lone Star pursuant to a contract between Santa Fe and Lone Star and also under the common law.

In response to special issues, the jury found:

1. Santa Fe failed to provide Young a safe place to work and that this was a cause in whole or in part of his death.

2. The log truck owner and the operator were negligent in the condition of the brakes and this was a proximate cause of Young's death.

3. Lone Star failed to keep the area adjacent to the track entirely clear of all vegetation and other obstructions, but failed to find that this was a proximate cause of the death.

4. Apportioned responsibility for the accident as follows:

| | |
|---|---|
| Truck driver/owner | 60% |
| Lone Star | 20% |
| Santa Fe | 20% |

Based upon the jury verdict, the court entered judgment for the plaintiffs against Santa Fe and the truck driver and the owner, granted Lone Star and Santa Fe rights of contribution from the truck driver and the owner, and granted Santa Fe indemnity over and against Lone Star.

There is no appeal by any of the defendants from the judgment entered in favor of the plaintiffs. Lone Star has perfected its appeal from the judgment of indemnity against it in favor of Santa Fe.

Lone Star, by its first point of error, contends the trial court erred in granting Santa Fe "full indemnity because the jury found that [Lone Star's] negligence was not a proximate cause of the occurrence in question." We do not agree, and accordingly overrule this point of error.

With reference to the spur track and the intersection of Highway 105 and the track, Lone Star and Santa Fe entered into a written agreement (in which Lone Star is referred to as "Industry" and Santa Fe is referred to as "Railway Company") which contains the following paragraphs:

"5. Industry agrees to indemnify and hold harmless the Railway Company for loss, damage, or injury from any act or omission of the Industry, its employees or agents, to the person or property of the parties hereto and their employees and to the person or property of any other person or corporation, while on or about The Track; and if any claim or liability shall arise from the joint or concurring negligence of both parties hereto, it shall be borne by them equally. Industry shall not be liable for loss, damage, injury or death resulting from the sole negligence of the Railway Company, its agents or employees; however, this exemption from liability shall not apply to liability or claimed liability of the Railway Company arising under or claimed to arise under the Federal Employers Liability Act and based on a claim or allegation that the Railway Company was negligent in failing to provide its employees with a safe place to work, if the condition claimed or alleged to be unsafe resulted from the presence or condition of any structure maintained by the Industry or from any acts or omissions of the Industry, its agents, employees, tenants, licensees or invitees.

"6. That it will at all times keep a space of six (6) feet from the nearest rail of any railroad track entirely clear of structures, material and obstructions of every sort and will observe an overhead clearance of not less than twenty-five (25) feet above the top of rail; provided, however, if by statute or order of competent public authority different clearances shall be required than those provided for in this Section 6, then the Industry shall strictly comply with such statute or order. In case of a breach of these obligations, or any of them, the Industry assumes and agrees to indemnify the Railway Company against all liability for loss, damage, injury and death arising therefrom and to reimburse the Railway Company for any sums which the Railway Company may have been required to pay in the way of damages, fines, penalties or other expense resulting from the violation by the Industry of any statute or order as aforesaid."

Santa Fe, in its cross-action against Lone Star, relies upon the indemnity agreement for indemnity against Lone Star. It is the contention of Lone Star that the indemnity agreement is not operative because there is no finding by the jury that its act or omission or negligence was a proximate cause of the occurrence made the basis of the primary suit.

We have found no Texas cases, and none have been cited by either party, where this exact question has been decided. Lone Star relies upon *Booth-Kelly Lumber Co. v. Southern Pacific Co.*, 183 F.2d 902 (9th Cir.1950); *Orange Rice Milling Co. v. Southern Pacific Co.*, 479 S.W.2d 725 (Tex. Civ.App.—Beaumont 1972, writ ref'd n.r. e.); and *Ealand v. Gulf, Colorado & Santa Fe Railway Co.*, 411 S.W.2d 591 (Tex. Civ.App.—Beaumont 1967, no writ) to support its contention. We do not consider these cases to be controlling on the question before us for the reason that in each of such cases, there was a finding by the trier of facts that the negligence complained of was a proximate cause of the occurrence.

Paragraph 5 of the agreement specifically provides that Lone Star agrees to indemnify and hold harmless Santa Fe for loss, damage, or injury from any act or omission of Lone Star, its employees or agents, to the person or property of the parties and their employees and to the person or property of any other person or corporation, while on or about the track. The jury found that Lone Star was negligent "in

failing to provide a distance of six feet from the nearest rail entirely clear of material and obstructions of every sort, including vegetation, on the occasion in question". This condition of the area near the track was the basis for the jury finding that Santa Fe failed to provide Young with a reasonably safe place to work.

Paragraph 6 of the indemnity agreement provides that Lone Star "will at all times keep a space of six (6) feet from the nearest rail of any railroad track entirely clear of structures, material and obstructions of every sort .... In case of a breach of these obligations, or any of them, the Industry assumes and agrees to indemnify the Railway Company against all liability for loss, damage, injury and death arising therefrom ...."

■ Lone Star's liability for indemnity is clearly established under the provisions of Paragraphs 5 and 6 unless it is necessary to establish that Lone Star's acts, omissions or the breach of its obligations to keep the area clear of obstructions were the proximate cause of the occurrence. We hold that a finding of proximate cause is not a prerequisite to liability for indemnity.

■ The failure of the jury to find the negligence of Lone Star to be a proximate cause of the occurrence in question only absolved Lone Star from liability to the plaintiffs. It did not absolve its liability to Santa Fe for indemnity. We reach this conclusion because we do not equate the phrase "act or omission", as provided in Paragraph 5 of the indemnity agreement, with common law negligence. We construe such phrase to mean the wrongful or negligent acts of Lone Star which would create liability on the part of Santa Fe. Santa Fe's liability to its employee arises by reason of the breach of its non-delegable duty to furnish its employee a safe place to work under FELA. When the area of work was made unsafe by an "act or omission" of Lone Star, or by the breach of its agreement under Paragraph 6 of the agreement, the provisions of the indemnity agreement became operative.

Under the findings of the jury, the acts or omissions and the breach of the agree-ment by Lone Star created the condition under which Santa Fe was held liable and, by reason thereof, Santa Fe was entitled to full indemnity over and against Lone Star. *See and compare Missouri Pac. R. Co. v. International Paper Co.*, 618 F.2d 492 (8th Cir.1980); *Chicago, R.I. & P.R. Co. v. Dobry Flour Mills*, 211 F.2d 785, 788 (10th Cir.) *cert. denied*, 348 U.S. 832, 75 S.Ct. 55, 99 L.Ed. 656 (1954); *Booth-Kelly Lumber Co. v. Southern Pacific Co., supra.*

■ Appellant next contends the court erred in granting Santa Fe "full indemnity rather than decreeing that, because the claim or liability arose from the joint or concurring negligence of both parties, it should be borne by them equally."

Paragraph 5 of the agreement provides "... and if any claim or liability shall arise from the joint or concurring negligence of both parties hereto, it shall be borne by them equally...." This "contribution" provision only applies where both parties are jointly liable in damages to the plaintiffs. Since the jury absolved Lone Star from liability to the plaintiffs, there is no joint liability of Lone Star and Santa Fe. Under these facts, this "contribution" provision is not applicable. This point is overruled.

The judgment is affirmed.