**P.P.G. INDUSTRIES, INC., Appellant,**

v.

**PAYNE & KELLER, INC., Appellee.**

**No. 09–88–036 CV.**

Court of Appeals of Texas, Beaumont.

April 13, 1989.

Rehearing Denied May 3, 1989.

Douglas W. Poole, Otto Hewitt, III, McLeod, Alexander, Powel & Apffel, P.C., for appellant.

Charles W. Hurd, III, Ben Taylor, Fulbright & Jaworski, for appellee.

## OPINION

DIES, Chief Justice.

Payne & Keller contracted to do maintenance work at P.P.G.'s plant. Daniel R.

Leitten was a foreman with Payne & Keller. P.P.G. made phosgene, a lethal chemical. In June, 1984, while working on a pipe near the phosgene line, Leitten bumped the valve on the phosgene line, the liquid sprayed out, some of it entered Leitten's nose, resulting in his death. Thereafter, Leitten's parents, along with the deceased's common-law wife, filed suit for negligence. P.P.G. sued Payne & Keller in a third party action based on indemnity language in the P.P.G./Payne & Keller contract. Trial was to a jury which found P.P.G. negligent and Leitten contributorily negligent (but not a proximate cause). The trial court entered judgment on the verdict and denied P.P.G. indemnity from Payne & Keller. Appeal was taken by P.P.G.

The first point of error is dispositive of this appeal. It is: "The trial court erred and abused its discretion as a matter of law in denying PPG contractual indemnity from Payne & Keller."

The indemnity agreement required Payne & Keller to indemnify P.P.G.:

"... from and against ... Any claim ... cause of action, loss ... or liability, whatsoever, on account of injury to or death of persons (including the employees of ... Contractor ...) ) ... arising out of ... the acts or omissions ... of Contractor or its ... employees ... in the performance of the Work ... irrespective of whether [P.P.G.] was concurrently negligent ... but excepting where the injury or death ... was caused by the sole negligence ... of [P.P.G.]."

The trial court, in refusing to award P.P.G. indemnity from Payne & Keller, stated:

"There being no finding that there was concurrent negligence that was a *proximate cause* of the occurence, it is further ordered ... that P.P.G. take nothing by reason of its third party action against Payne & Keller." (emphasis added)

In *Lone Star Ind. v. Atchison, Topeka & Santa Fe Ry Co.*, 666 S.W.2d 376, 379 (Tex.Civ.App.—Beaumont 1984, writ ref'd n.r.e.), a unanimous court held "that a finding of proximate cause is not a prerequisite to liability for indemnity." We, therefore, sustain this point of error. Since Payne & Keller have taken no appeal and have not adopted the remainder of P.P.G.'s points of error, we reverse the judgment of the trial court and render judgment that P.P.G. is entitled to indemnity by Payne & Keller for the amount of the judgment in favor of the plaintiffs below.

Reversed and Rendered as reformed.