SUPERIOR SNUBBING SERVICES, INC., Appellant,

v.

ENERGY SERVICE COMPANY OF BOWIE, INC., Appellee.

No. 2–04–131–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 3, 2005.

Fisk & Fielder, P.C., Lynn Fielder, Dallas, for Appellant.

Touchstone, Bernays, Johnston, Beall, Smith & Stollenwerck, L.L.P., S. Todd Parks, Daniel L. Gus, Dallas, for Appellee.

Panel B: HOLMAN, WALKER, and McCOY, JJ.

## OPINION

BOB McCOY, Justice.

### I. INTRODUCTION

Superior Snubbing Services, Inc. ("Superior") appeals from the trial court's grant of a summary judgment in favor of Energy Service Company of Bowie, Inc. ("Energy"). We will reverse and remand.

### II. FACTUAL BACKGROUND

On December 12, 1996, Mitchell Energy Corporation[1] ("Mitchell") entered into a Master Service Agreement contract with Superior for certain work to be performed by Superior for Mitchell. Paragraph seven of the contract states that the "contractor," Superior, will indemnify the "company," Mitchell, and its contractors, which include Energy, for claims of injury to Superior's employees in connection with the work to be performed under the contract. On March 8, 2000, one of Superior's employees, Daryll Faulk ("Faulk"), sustained an injury in the course of his employment while performing services under the contract. Superior was a subscriber under the Workers' Compensation Act at the time of the injury. Subsequently, Faulk sued Energy and others for his injuries, resulting in a settlement between Faulk, Energy, and Mitchell. Energy and Mitchell then filed suit against Superior seeking indemnity under the contract for the amount of the defense of the suit and the settlement of Faulk's claims. In answering the suit, Superior asserted that Energy's claims were barred by the exclusive remedy provisions of the Texas Labor Code and that the contract was unenforceable under the Texas Oilfield Anti–Indemnity Act. The trial court granted summary judgment for Energy against Superior on the contractual indemnity issue and rendered a judgment that was severed from the Mitchell suit, resulting in this appeal.

In two issues, Superior complains that the trial court erred in granting Energy summary judgment because (1) Energy's indemnity claims are barred under the exclusive remedy provisions of section 417.004 of the Texas Labor Code[2] and (2) the contract is unenforceable under the Texas Oilfield Anti–Indemnity Act.[3]

### III. LAW AND APPLICATION TO FACTS

#### A. Statutory Construction

Section 417.004 of the Texas Labor Code provides,

In an action for damages brought by an injured employee ... against a *third party* liable to pay damages for the inju-

1. Now Devon Energy Operating, L.P.

2. TEX. LAB.CODE ANN. § 417.004 (Vernon 2003).

3. TEX. CIV. PRAC. & REM.CODE ANN. § 127.003 (Vernon 2003).

ry ... under this chapter that results in a ... settlement by the *third party,* the employer is not liable to the *third party* for reimbursement or damages based on the ... settlement unless the employer executed, before the injury or death occurred, a written agreement with the *third party* to assume the liability.

TEX. LAB.CODE ANN. § 417.004 (emphasis supplied).

In its first point, Superior argues that it did not execute a "written agreement with the *third party* [Energy] to assume the liability." Rather, Superior contends it entered into a contract with Mitchell, and therefore Energy cannot claim indemnity against Superior due to the prohibition contained in section 417.004 of the labor code. While it is undisputed there is no written contract between Superior and Energy, Energy responds that because it is a third party beneficiary under the contract between Superior and Mitchell, it is entitled to step into the shoes of Mitchell and enforce the contract, thereby transforming the agreement into a "written agreement with the *third party* [Energy] to assume the liability."

There is no spotted dog or white horse [4] case on point interpreting the specific language of section 417.004 regarding the meaning of "the third party."

**B. Standard of Review**

In reviewing a traditional motion for summary judgment, the reviewing court must resolve every doubt and indulge every reasonable inference in the nonmovant's favor. *Provident Life & Accident*

*Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex.2003). All evidence favorable to the nonmovant will be taken as true. *Tex. Commerce Bank, N.A. v. Grizzle,* 96 S.W.3d 240, 252 (Tex.2002). Determining the proper construction of a statute and the propriety of a ruling on a motion for summary judgment are both questions of law. *Berry v. State Farm Mut. Auto. Ins. Co.,* 9 S.W.3d 884, 890 (Tex.App.-Austin 2000, no pet.) (citing *Johnson v. City of Fort Worth,* 774 S.W.2d 653, 656 (Tex. 1989)). Statutory interpretation presents a question of law subject to de novo review. *Conseco Fin. Servicing Co. v. J & J Mobile Homes, Inc.,* 120 S.W.3d 878, 883 (Tex.App.-Fort Worth 2003, pet. denied). When the undisputed facts and the applicable law permit but one lawful decision, the appellate court is called on to insure that the proper decision is reached. *Eli Lilly & Co. v. Marshall,* 850 S.W.2d 155, 157 (Tex.1993).

**C. Statutory History**

As is often the case, a review of the historical development of this statute is helpful in ascertaining its meaning. Turning back the pages of time some forty years, we learn that in 1963 Texas's workers' compensation statute was amended to read, in pertinent part,

If an action for damages on account of injury to or death of an employee of a subscriber is brought by such employee ... against a person other than the subscriber ... and if such action results ... in a settlement by such other per-

---

**4.** "Around the turn of the century, a Texas law firm had a case in which a white horse owned by the client's taxi service reared in the street, causing an elderly woman to fall and injure herself. The partner handling the case asked a young associate to find a case on point. The associate came back several hours later with a case involving an elderly lady who had fallen in the street after a taxi company's black horse had reared in front of her. When the associate took this case to the partner, the partner said, 'Nice try, son. Now go find me a white horse case.'" *Hilland v. Arnold,* 856 S.W.2d 240, 242 n. 1 (Tex.App.-Texarkana 1993, no writ).

son, the subscriber ... shall have no liability to reimburse or hold such other person harmless on such ... settlement ... in the absence of a *written agreement expressly assuming such liability,* executed by the subscriber prior to such injury or death.

Act of May 20, 1963, 58th Leg., R.S., ch. 437, § 3, 1963 Tex. Gen. Laws 1132 (repealed 1989) (emphasis supplied). In *Ealand v. Gulf, Colorado & Santa Fe Railway Company,* 411 S.W.2d 591, 593 (Tex. App.-Beaumont 1967, no writ), the court explained the purposes and effect of this amendment:

> This section was amended in 1963 ... to provide that the subscriber under the Compensation Act would have no liability to reimburse or hold harmless a third person against whom a judgment had been obtained by an employee, in the absence of a written agreement expressly assuming such liability. It is argued that as much as this was not provided for before 1963, that the law was changed in 1963 and, consequently, at the time this cause of action arose [the injury occurred in 1956] the third party could not recover from the subscriber. We have found no Texas case passing directly upon this point. We hold that the 1963 amendment to article 8306 section 3, did not change the law, and the right of action for indemnity and contribution based upon a written agreement existed before such an amendment.

*Id.* In 1989, the statutory wording changed and for the first time included the "third party" language in this indemnification section. The statute read,

> If an action for damages is brought by an injured employee ... against a *third party* liable to pay damages for the injury ... and the action results in a judgment against the *third party* or a settlement by the *third party,* the employer is

not liable to the *third party* for any reimbursement or damages based on the judgment or settlement unless the employer executed, before the injury or death occurred, a *written agreement with the third party to assume the liability.*

Act of Dec. 3, 1989, 71st Leg., C.S., ch. 1, § 4.04, 1989 Tex. Gen. Laws 32, 33 (amended 1993) (emphasis supplied). When the statute was amended and recodified in 1993 as section 417.004 of the labor code, the third-party language remained intact. TEX. LAB.CODE ANN. § 417.004.

▮▮▮ The inclusion of the *third party* language is important. Under the pre–1989 statutory wording, a *third party beneficiary* was clearly included as an indemnitee because all that was required for inclusion was that the employer execute a written agreement expressly assuming the indemnification liability, as occurred in the Superior–Mitchell contract. The legislature, however, saw fit to add the third party language restricting the breadth of the indemnification obligation. When legislative intent can be gathered from a reasonable interpretation of the language of a statute, it is not permissible to resort to interpretation by implication, *Commonwealth v. United N. & S. Dev. Co.,* 140 Tex. 417, 168 S.W.2d 226, 229 (1942), which is permitted only to supply obvious intent not expressly stated and never to contradict or add to a statute, *id.* at 229; *Compass Bank v. Bent Creek Invs.,* 52 S.W.3d 419, 422 (Tex.App.-Fort Worth 2001, no pet.). Expressly addressing a person, thing, consequence, or class is tantamount to expressly excusing of all others for the purpose of statutory construction. *State v. Mauritz–Wells Co.,* 141 Tex. 634, 175 S.W.2d 238, 241 (1943); *Lenhard v. Butler,* 745 S.W.2d 101, 103 (Tex.App.-Fort Worth 1988, writ denied).

Therefore, combining the plain meaning of the present statute with the legislative inclusion of more restrictive language in the statute leads to the conclusion that nonsignatories, such as third party beneficiaries, are not included as permissible indemnitees under section 417.004 of the Texas Labor Code. *See* TEX. LAB.CODE ANN. § 417.004; TEX. GOV'T CODE ANN. § 312.005 (Vernon 1998) (providing that a court shall consider legislative intent and the former law in interpreting a statute). Accordingly, we sustain Superior's first issue.[5] We reverse the trial court's judgment and remand the cause to the trial court.

---

**5.** Having sustained this issue, we need not consider Superior's second issue. *See* TEX. R.APP. P. 47.1.