COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-131-CV
  
  
SUPERIOR SNUBBING SERVICES, 
INC.                                     APPELLANT
  
V.
   
ENERGY SERVICE COMPANY OF 
BOWIE, INC.                             APPELLEE
 
  
------------
 
FROM THE 271ST DISTRICT COURT 
OF WISE COUNTY
 
------------
 
OPINION
 
------------
I. Introduction
        Superior 
Snubbing Services, Inc. (“Superior”) appeals from the trial court’s grant 
of a summary judgment in favor of Energy Service Company of Bowie, Inc. 
(“Energy”). We will reverse and remand.
II. Factual 
Background
        On 
December 12, 1996, Mitchell Energy Corporation[1] 
(“Mitchell”) entered into a Master Service Agreement contract with Superior 
for certain work to be performed by Superior for Mitchell. Paragraph seven of 
the contract states that the “contractor,” Superior, will indemnify the 
“company,” Mitchell, and its contractors, which include Energy, for claims 
of injury to Superior’s employees in connection with the work to be performed 
under the contract. On March 8, 2000, one of Superior’s employees, Daryll 
Faulk (“Faulk”), sustained an injury in the course of his employment while 
performing services under the contract. Superior was a subscriber under the 
Workers’ Compensation Act at the time of the injury. Subsequently, Faulk sued 
Energy and others for his injuries, resulting in a settlement between Faulk, 
Energy, and Mitchell. Energy and Mitchell then filed suit against Superior 
seeking indemnity under the contract for the amount of the defense of the suit 
and the settlement of Faulk’s claims. In answering the suit, Superior asserted 
that Energy’s claims were barred by the exclusive remedy provisions of the 
Texas Labor Code and that the contract was unenforceable under the Texas 
Oilfield Anti-Indemnity Act. The trial court granted summary judgment for Energy 
against Superior on the contractual indemnity issue and rendered a judgment that 
was severed from the Mitchell suit, resulting in this appeal.
        In 
two issues, Superior complains that the trial court erred in granting Energy 
summary judgment because (1) Energy’s indemnity claims are barred under the 
exclusive remedy provisions of section 417.004 of the Texas Labor Code[2] and (2) the contract is unenforceable under the Texas 
Oilfield Anti-Indemnity Act.[3]
III. Law and 
Application to Facts
A. Statutory Construction
        Section 
417.004 of the Texas Labor Code provides,
   
In an action for damages brought by an injured employee . . . against a third 
party liable to pay damages for the injury . . . under this chapter that 
results in a . . . settlement by the third party, the employer is not 
liable to the third party for reimbursement or damages based on the . . . 
settlement unless the employer executed, before the injury or death occurred, a 
written agreement with the third party to assume the liability.

Tex. Lab. Code Ann. § 417.004 (emphasis 
supplied).
        In 
its first point, Superior argues that it did not execute a “written agreement 
with the third party [Energy] to assume the liability.” Rather, 
Superior contends it entered into a contract with Mitchell, and therefore Energy 
cannot claim indemnity against Superior due to the prohibition contained in 
section 417.004 of the labor code. While it is undisputed there is no written 
contract between Superior and Energy, Energy responds that because it is a third 
party beneficiary under the contract between Superior and Mitchell, it is 
entitled to step into the shoes of Mitchell and enforce the contract, thereby 
transforming the agreement into a “written agreement with the third party 
[Energy] to assume the liability.”
        There 
is no spotted dog or white horse[4] case on point 
interpreting the specific language of section 417.004 regarding the meaning of 
“the third party.”
B. Standard of Review
        In 
reviewing a traditional motion for summary judgment, the reviewing court must 
resolve every doubt and indulge every reasonable inference in the nonmovant’s 
favor. Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 
215 (Tex. 2003). All evidence favorable to the nonmovant will be taken as true. Tex. 
Commerce Bank, N.A. v. Grizzle, 96 S.W.3d 240, 252 (Tex. 2002). Determining 
the proper construction of a statute and the propriety of a ruling on a motion 
for summary judgment are both questions of law. Berry v. State Farm Mut. 
Auto. Ins. Co., 9 S.W.3d 884, 890 (Tex. App.—Austin 2000, no pet.) (citing 
Johnson v. City of Fort Worth, 774 S.W.2d 653, 656 (Tex. 1989)). 
Statutory interpretation presents a question of law subject to de novo review. Conseco 
Fin. Servicing Co. v. J & J Mobile Homes, Inc., 120 S.W.3d 878, 883 
(Tex. App.—Fort Worth 2003, pet. denied). When the undisputed facts and the 
applicable law permit but one lawful decision, the appellate court is called on 
to insure that the proper decision is reached. Eli Lilly & Co. v. 
Marshall, 850 S.W.2d 155, 157 (Tex. 1993).
C. Statutory History
        As 
is often the case, a review of the historical development of this statute is 
helpful in ascertaining its meaning. Turning back the pages of time some forty 
years, we learn that in 1963 Texas’s workers’ compensation statute was 
amended to read, in pertinent part,
   
If an action for damages on account of injury to or death of an employee of a 
subscriber is brought by such employee . . . against a person other than the 
subscriber . . . and if such action results . . . in a settlement by such other 
person, the subscriber . . . shall have no liability to reimburse or hold such 
other person harmless on such . . . settlement . . . in the absence of a written 
agreement expressly assuming such liability, executed by the subscriber 
prior to such injury or death.

Act of May 20, 1963, 58th 
Leg., R.S., ch. 437, § 3, 1963 Tex. Gen. Laws 1132 (repealed 1989) (emphasis 
supplied). In Ealand v. Gulf, Colorado & Santa Fe Railway Company, 
411 S.W.2d 591, 593 (Tex. App.—Beaumont 1967, no writ), the court explained 
the purposes and effect of this amendment:
    
This section was amended in 1963 . . . to provide that the subscriber under the 
Compensation Act would have no liability to reimburse or hold harmless a third 
person against whom a judgment had been obtained by an employee, in the absence 
of a written agreement expressly assuming such liability. It is argued that as 
much as this was not provided for before 1963, that the law was changed in 1963 
and, consequently, at the time this cause of action arose [the injury occurred 
in 1956] the third party could not recover from the subscriber. We have found no 
Texas case passing directly upon this point. We hold that the 1963 amendment to 
article 8306 section 3, did not change the law, and the right of action for 
indemnity and contribution based upon a written agreement existed before such an 
amendment.

Id. In 1989, the 
statutory wording changed and for the first time included the “third party” 
language in this indemnification section. The statute read,
   
If an action for damages is brought by an injured employee . . . against a third 
party liable to pay damages for the injury . . . and the action results in a 
judgment against the third party or a settlement by the third party, 
the employer is not liable to the third party for any reimbursement or 
damages based on the judgment or settlement unless the employer executed, before 
the injury or death occurred, a written agreement with the third party to 
assume the liability.

Act of Dec. 3, 1989, 71st 
Leg., C.S., ch. 1, § 4.04, 1989 Tex. Gen. Laws 32, 33 (amended 1993) (emphasis 
supplied). When the statute was amended and recodified in 1993 as section 
417.004 of the labor code, the third-party language remained intact. Tex. Lab. Code Ann. § 417.004.
        The 
inclusion of the third party language is important. Under the pre-1989 
statutory wording, a third party beneficiary was clearly included as an 
indemnitee because all that was required for inclusion was that the employer 
execute a written agreement expressly assuming the indemnification liability, as 
occurred in the Superior-Mitchell contract. The legislature, however, saw fit to 
add the third party language restricting the breadth of the indemnification 
obligation. When legislative intent can be gathered from a reasonable 
interpretation of the language of a statute, it is not permissible to resort to 
interpretation by implication, Commonwealth v. United N. & S. Dev. Co., 
140 Tex. 417, 168 S.W.2d 226, 229 (1942), which is permitted only to supply 
obvious intent not expressly stated and never to contradict or add to a statute, 
id. at 229; Compass Bank v. Bent Creek Invs., 52 S.W.3d 419, 422 
(Tex. App.—Fort Worth 2001, no pet.). Expressly addressing a person, thing, 
consequence, or class is tantamount to expressly excusing of all others for the 
purpose of statutory construction. State v. Mauritz-Wells Co., 141 Tex. 
634, 175 S.W.2d 238, 241 (1943); Lenhard v. Butler, 745 S.W.2d 101, 103 
(Tex. App.—Fort Worth 1988, writ denied).
        Therefore, 
combining the plain meaning of the present statute with the legislative 
inclusion of more restrictive language in the statute leads to the conclusion 
that nonsignatories, such as third party beneficiaries, are not included as 
permissible indemnitees under section 417.004 of the Texas Labor Code. See 
Tex. Lab. Code Ann. § 417.004; Tex. Gov’t Code Ann. § 312.005 
(Vernon 1998) (providing that a court shall consider legislative intent and the 
former law in interpreting a statute). Accordingly, we sustain Superior’s 
first issue.[5]  We reverse the trial court’s 
judgment and remand the cause to the trial court.
 
 
                                                                  BOB 
MCCOY
                                                                  JUSTICE
 
 
PANEL B:   HOLMAN, 
WALKER, and MCCOY, JJ.
 
DELIVERED: February 3, 2005


NOTES
1.  Now 
Devon Energy Operating, L.P.
2.  Tex. Lab. Code Ann. § 417.004 (Vernon 
2003).
3.  Tex. Civ. Prac. & Rem. Code Ann. § 
127.003 (Vernon 2003).
4.  
“Around the turn of the century, a Texas law firm had a case in which a white 
horse owned by the client’s taxi service reared in the street, causing an 
elderly woman to fall and injure herself.  The partner handling the case 
asked a young associate to find a case on point.  The associate came back 
several hours later with a case involving an elderly lady who had fallen in the 
street after a taxi company’s black horse had reared in front of her.  
When the associate took this case to the partner, the partner said, ‘Nice try, 
son. Now go find me a white horse case.’”  Hilland v. Arnold, 
856 S.W.2d 240, 242 n.1 (Tex. App.—Texarkana 1993, no writ).
5. Having 
sustained this issue, we need not consider Superior’s second issue.  See 
Tex. R. App. P. 47.1.